■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENDELL WIGGINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered October 18, 1990, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to robbery in the second degree and admitted that he, along with three accomplices, forcibly stole a gold chain from the complainant by threatening to punch him in the face. The defendant denied using a weapon. In return for the defendant's guilty plea, the court promised to sentence him to no more than two and one-third to seven years imprisonment. According to the presentence report, the complainant reported that the defendant used a knife during the robbery. The court, in sentencing the defen-

dant to two and one-third to seven years imprisonment, referred to the defendant's possible use of a knife during the robbery. The defendant now argues that the court should have imposed a lesser sentence, and that the court improperly relied upon the presentence report as having referred to the defendant's possible use of the knife and in imposing the sentence that it did. We disagree. The court imposed a sentence that was in line with its promise. The complainant's version of the crime was properly contained in the presentence report (CPL 390.30 [3] [b]), and, thus, the court did not err in considering it to the limited extent that it did. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.